UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ALEXANDER MARTINEZ,**

Movant,

v. **No. 4:23-cv-0542-P**

**UNITED STATES OF AMERICA,**

Respondent.

## OPINION AND ORDER

Came on for consideration the motions of Movant, Alexander Martinez, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, along with his motion for evidentiary hearing. The Court, having considered the motions, the response, the reply, the record, and applicable authorities, concludes that the motions must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On October 9, 2019, Movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 13. Movant initially entered a plea of not guilty. CR ECF No. 17. On November 22, 2019, Petitioner appeared in court with his counsel with the intent of entering a plea of guilty to the indictment. CR ECF No. 23. Movant and his counsel signed a factual resume setting forth the elements of the offense, the maximum penalty Movant faced, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 24. Movant testified under oath to facts establishing that his plea was knowing, voluntary, and intelligent. CR ECF No. 46.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 32. CR ECF No. 27, ¶ 17. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 24, 25. Based on a total offense level of 29 and a criminal history category of VI, Movant's guideline imprisonment range was 151 to 188 months. *Id.* ¶ 91. Movant filed objections, CR ECF No. 36, and the probation officer prepared an addendum to the PSR. CR ECF No. 30.

The Court sentenced Movant to a term of imprisonment of 188 months. CR ECF No. 37. He appealed, arguing that the imposition of 15 conditions of supervised release conflicted with those orally imposed at sentencing. CR ECF No. 39. The United States Court of Appeals for the Fifth Circuit vacated the judgment and remanded so that the Court could conform the written judgment to the oral pronouncements. *United States v. Martinez*, 47 F.4th 364, 366 (5th Cir. 2022). On September 19, 2022, the Court rendered its amended judgment. CR ECF No. 53.

## GROUNDS OF THE MOTION

Movant urges two grounds in support of his motion. He alleges that he received ineffective assistance because his trial counsel "failed to produce contradictory evidence to knowingly false evidence relied on by the Court to enhance [his] sentence and failed to diligently present facts showing [his] sentence [sic] guidelines was not calculated correctly." He further alleges that his appellate counsel failed to raise the issue of guideline calculation and failed to notify Movant of the decision on his appeal. ECF No. 1 at 7.

## APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an

issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply

making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In support of his first ground, Movant alleges that his counsel "failed to produce contradictory evidence to knowingly false evidence relied on by the Court to enhance" his sentence. ECF No. 1 at 7. He does not identify the allegedly false evidence. Nor does he describe the "contradictory evidence" he says should have been produced. In support of his second ground, he alleges that appellate counsel was his trial counsel "that failed to raise the issue of the error in [his] sentence calculation." *Id.* It is not clear whether he is alleging a particular error should have been raised on appeal. These allegations are simply too conclusory to state a constitutional violation. *Miller*, 200 F.3d at 282.

The Court notes that Movant did object to the drug quantities attributed to him. CR ECF No. 36. The probation officer was not persuaded. CR ECF No. 30. The Court heard evidence regarding the drug quantity calculation at sentencing and overruled Movant's objection. CR ECF 45 at 4–17. Movant has not explained what more his counsel could or should have done, much less that it would have made any difference in his sentence, especially given his terrible criminal history.

Movant also complains that counsel failed to notify him of the outcome of the appeal or of the petition for rehearing *en banc*. Of course, the record does not reflect that a petition for rehearing *en banc* was filed. The appellate docket does reflect that Movant was given notice of the opinion on appeal and of a vote, at the request of a member, for reconsideration *en banc*. ECF No. 10 at 9–11 (citing Fifth Circuit docket). Movant does not make any attempt to show how he was harmed by any failing on the part of counsel with regard to the appeal.

In his reply, Movant argues that he was not required to specifically plead his grounds in his motion. ECF No. 14 at 1–2. He is mistaken. The form he used for filing his motion clearly informed

him that he must state all grounds in the motion or be barred from presenting them later. ECF No. 1 at 6. Further, he was admonished that he "must allege facts" and that he could attach additional pages if necessary. *Id.* The instructions were in keeping with the Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2 of which states that the motion must state the facts supporting each ground. If there was any question as to the purpose of the reply, it would have been answered by the Order & Instructions to Parties in a Motion Under 28 U.S.C. § 2255 signed June 5, 2023, ECF No. 4. Specifically, the Court admonished that a reply was not required but, if filed, must only reply to the argument of the United States and could not be used to advance new grounds or otherwise supplement any ground for relief. *Id.* at 2. The factual allegations made for the first time in the reply come too late.[1]

**CONCLUSION**

For the reasons discussed, Movant's motion for evidentiary hearing and motion under Section 2255 are **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **10th day** of **October 2023.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

[1] Even had the declaration been timely filed, it would not have been sufficient to overcome Movant's solemn declarations under oath at his rearraignment and the representations made in his factual resume that established that his plea was knowing, voluntary, and intelligent.